**In the Matter of COMPUTER UTILIZATION, INC., Debtor.**

**No. BK 3–2237–C.**

United States District Court,
N. D. Texas,
Dallas Division.

Nov. 23, 1973.

Philip I. Palmer, Jr., Palmer, Palmer & Coffee, Dallas, Tex., for petitioner.

James F. Menefee, Menefee & Hawryluk, Dallas, Tex., for respondent.

## OPINION

WILLIAM M. TAYLOR, Jr., Chief Judge.

This is a Petition for Review of an Order granting a Permanent Injunction entered by the Honorable Dean M. Gandy, Referee in Bankruptcy, April 11, 1973, and the findings of fact and conclusions of law supporting that order. Petitioner was enjoined from further prosecution of a claim against Respondent/Debtor herein, in Cause No. 72-3882 in the 68th Judicial District Court of Dallas County, Texas.

Petitioner was employed by Respondent to stave off various creditors of Respondent. Petitioner put in many hours in talking to various creditors and defending suits brought by them. Respondent then brought its Petition for an arrangement under Chapter XI of the Bankruptcy Act. Petitioner did some further work thereafter in the nature of winding up his employment such as providing a list of creditors suing Respondent to Respondent's attorneys in the bankruptcy proceeding. He did represent a few creditors of Respondent in the bankruptcy proceeding. But of course this is not employment by Respondent, but, by the creditors.

Petitioner's claim is that he had an executory contract with Respondent which was not rejected and is therefore still in effect and suable upon.

### I.

The Referee found that Petitioner had a claim provable in bankruptcy as of the date of the filing of the Petition. The Court concurs in this. Upon the filing of the Petition the claims which Petitioner had been handling were drawn into the bankruptcy proceeding which was being handled by a different firm of attorneys than Petitioner. Therefore the claims that had been the responsibility of Petitioner became the responsibility of the bankruptcy attorneys.

Moreover, Petitioner has not shown that no payments were due to him from Respondent under their contract by stating that it is his practice not to bill clients until the matter is completed. At most, he has shown that as a matter of personal convenience he had not billed Respondent for his services before the date of the filing of the Petition.

Upon notice of the bankruptcy proceedings, it was the duty of Petitioner to present his claim for services rendered as his employment was terminated by the filing, as a practicality.

Petitioner cannot complain of a lack of notice as he had participated in

discussions related to the hiring of attorneys for the proceeding, received a letter from the bankruptcy attorneys as to what cases he had been handling and in fact represented other creditors in the proceedings. Under 11 U.S.C. § 35a (3), actual knowledge of a proceeding by a creditor is enough to discharge the debt owed to him. Therefore Petitioner's debt was discharged upon the confirmation of the arrangement by effect of 11 U.S.C. § 771.

### II.

Even if one were to assume that Petitioner had an executory contract which required any further performance than payment to Petitioner for his services past the date of filing the Petition and did not have a claim provable at that date, Petitioner would still have a discharged claim.

The Amended Plan of Arrangement filed August 13, 1971, modified and confirmed September 16, 1971, rejected all contracts including employment contracts except for a few not germane to this Petition. Therefore, Petitioner's contract would have been rejected pursuant to 11 U.S.C. § 757. In turn, 11 U.S.C. § 753 would have made him a creditor. He then would have had to file his proof of claim timely as any other creditor does.

### III.

Petitioner also contends that the Bankruptcy Court had no jurisdiction because the arrangement had been confirmed and the jurisdiction of the court was terminated. This contention is easily laid to rest. 11 U.S.C. § 11(a)(12) allows courts of bankruptcy to "... ., determine the dischargeability of debts, and render judgments thereon; . . . ." Referees, subject to review by the Judge are given the jurisdiction by 11 U.S.C. § 66 to ". . . (4) grant, deny, or revoke discharges, determine the dischargeability of debts, and render judgments thereon; . . . ." The procedure for bringing any such dispute in front of the Referee is set out in 11

U.S.C. § 35(c). This section allows either the bankrupt or a creditor to apply for a determination of dischargeability of a debt upon notice and a hearing. The Application for Show Cause Order filed by Debtor November 12, 1972, raises the issue properly and gives notice to Petitioner as to the ultimate relief sought. The Referee having found in No. 7 of his Conclusions of Law that the debt was discharged, he was entitled to issue the necessary order to protect that judgment, i. e., the injunction, under 11 U.S.C. § 35(c)(3).

The Judgment of the Referee is affirmed in all things and Respondent is requested to submit a proposed Order pursuant to this Opinion.